GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Philip R. Sellinger
David Jay
(973) 360-7900
(973) 301-8410 (fax)
Attorneys for Defendants
Verizon New Jersey Inc. and
Verizon Enterprise Solutions LLC (formerly known and improperly pleaded as NYNEX Long Distance Company d/b/a Verizon Enterprise Solutions)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PROFESSOR ARNO MAYER, Verizon customer, and all other similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON NEW JERSEY INC., formerly known as Bell Atlantic-New Jersey, Inc., NYNEX LONG DISTANCE COMPANY d/b/a Verizon Enterprise Solutions, and JANE and JOHN DOES 1-10, individually and as owners, officers, directors, Shareholders, founders, managers, agents, servants, employees, representatives and/or independent contractors of VERIZON NEW JERSEY, INC., and XYZ CORPORATIONS 1-10,<br><br>Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL OF DEFENDANTS VERIZON NEW JERSEY INC. AND VERIZON ENTERPRISE SOLUTIONS LLC (formerly known and improperly pleaded as NYNEX Long Distance Company d/b/a Verizon Enterprise Solutions)** |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

PLEASE TAKE NOTICE that Defendants Verizon New Jersey Inc. ("Verizon NJ") and Verizon Enterprise Solutions LLC (formerly known and improperly pleaded as NYNEX Long Distance Company d/b/a Verizon Enterprise Solutions) ("VES") (collectively, "Verizon"),

pursuant to 28 U.S.C. § 1441, remove to this Court the state action described below, which is within the original jurisdiction of this Court and properly removed based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1446, and 1453.  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon counsel for Plaintiff Arno Mayer ("Plaintiff")[1] and filed with the Clerk of the New Jersey Superior Court for the County of Hudson, as an exhibit to a Notice to State Court of Removal to Federal Court.  A copy of the Notice being filed in state court is attached (without exhibits) as Exhibit A.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.  On April 29, 2013, Plaintiff filed a putative class action Complaint captioned *Professor Arno Mayer v. Verizon New Jersey, Inc., et al.*, Case No. HUD-L-2066-13 (N.J. Super. Ct., Hudson County, Law Div.), against Verizon NJ, VES, "Jane and John Does 1-10" and "XYZ Corporations 1-10" (collectively, "Defendants") in the New Jersey Superior Court for the County of Hudson ("State Court Action").

2.  Service of the State Court Action Summons and Complaint on Verizon NJ and VES was effective on May 28, 2013.  This notice is therefore timely pursuant to 28 U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Verizon in the State Court Action are attached to this Notice as Exhibit B.

3.  The New Jersey Superior Court for the County of Hudson is located within the United States District Court for the District of New Jersey.  28 U.S.C. § 110.  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

---

[1] Defendants "Jane and John Does 1-10" and "XYZ Corporations 1-10" have not been identified by Plaintiff.  (Certification of Eric D. Wong, attached hereto as Exhibit C.)

## ALLEGATIONS OF THE COMPLAINT

4. This action is a putative class action on behalf of "all persons who contracted with Verizon" for Fiber Optic Service ("FiOS") or bundled services, and purports to seek damages and injunctive relief for a multiplicity of alleged wrongful and/or fraudulent practices in the advertising, promotion, and provision of FiOS services.  (Compl. ¶ 54.)

5. Plaintiff alleges, *inter alia*, that Verizon's advertising practices with respect to FiOS service promotions known as "Triple Play" and "Double Play" (wherein customers who order more than one FiOS service bundled together ("Bundled Services") receive promotional rewards and/or discounts for those services) amount to an illegal "bait-and-switch."  (Compl. ¶ 3.)  Plaintiff also alleges that, "once consumers contracted for Bundled Service and FiOS Service, Defendant, *inter alia*, charged consumers inconsistent amounts for the same service" and "customers experienced difficulty contacting Defendant customer service representatives in order to address or resolve issues as to promotions, service and/or billing."  (*Id.* ¶ 16.)

6. Plaintiff seeks to represent the following putative class:  "All persons who contracted with Verizon for Bundled Services and/or FIOS [sic] services such as 'triple play' or 'double play' that promised a fixed and discounted rate and who: (a) did not receive such discounted bundled rate but were instead billed a higher amount for individual services; (b) received unauthorized charges on their bill for 'operated assisted' calls and third party billing; (c) never received credits on their bills for periods during which service was not provided; (d) never received itemized monthly bills from Defendant; (e) never received the promotional gift (such as a TV) promised by Defendant for signing up for Bundled Services or FiOS service; (f) received various other unauthorized and unlawful fees and charges."  (*Id.* ¶ 54.)

7. On behalf of Plaintiff and the putative classes, the Complaint attempts to state claims for:  (1) three counts of violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et*

*seq*. ("NJCFA"); (2) one count of violation of the New Jersey Regulations Governing General Advertising, N.J.A.C. § 13:45A-9.1 et seq.; (3) three counts of violations of the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 *et seq*. ("TCCWNA"); (4) one count of breach of contract; (5) one count of negligent misrepresentation; and (6) one count of fraud. (*Id*. ¶¶ 67-127.)

8. The Complaint seeks, *inter alia*, (i) injunctive relief, (2) declaratory relief, (3) compensatory damages, (4) "maximum statutory damages" pursuant to N.J.S.A. 56:12-17 and all other applicable statutes, (5) disgorgement, (6) restitution, (7) punitive damages, and (8) attorneys' fees and costs. (*Id*. at pp. 25-35.)

9. Verizon disputes Plaintiff's allegations, denies that the Complaint has merit, denies that the Class is certifiable, and denies that Plaintiff or the putative class have been harmed in any way.

## BASIS FOR REMOVAL

10. This action is within the original jurisdiction of this Court, and removal is proper under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over putative class actions, involving over 100 putative class members, where any member of the putative class of Plaintiffs is a citizen of a State different from any Defendant, and in which the amount in controversy exceeds $5 million. As set forth below, this action satisfies each of the requirements of § 1332(d)(2) for original jurisdiction under CAFA.

**Putative Class Action.**

11. This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). (*See* Compl. ¶ 54.) Plaintiff

filed this class action under *New Jersey Court Rule* 4:32 *et seq.*, which is New Jersey's equivalent class of Federal Rule 23's class action procedure.  (*Id*.)

**Class Consisting of More than 100 Members.**

12. As demonstrated by the Certification of Joel Jimenez (the "Jimenez Cert."), attached hereto as Exhibit D, Verizon NJ has contracted with more than 100 persons for bundled FiOS services involving promotional offers.  In fact, since May 2011 (which covers only a portion of the claimed class period[2]), approximately 299,000 customers have purchased FiOS services through a Bundled Services promotion from Verizon NJ.  (Ex. D, Jimenez Cert. ¶ 2.)  Accordingly, the aggregate number of members of the proposed class is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

**CAFA Diversity.**

13. The required diversity of citizenship under CAFA is satisfied because "any member of a class of Plaintiffs is a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A).

14. As demonstrated by the Certification of Veronica C. Glennon ("Glennon Cert."), attached hereto as Exhibit E, Defendant Verizon NJ is a New Jersey corporation with its principal place of business in New Jersey, and Defendant VES is a Delaware limited liability company with its principal place of business in New Jersey.  (Compl. ¶ 24; Ex. E, Glennon Cert. ¶¶ 2-3).

15. The putative class is not limited to New Jersey and Delaware citizens.  Rather, it is defined as "all persons who contracted with Verizon [NJ]."  (Compl. ¶ 54).  Verizon is aware from the course of its business that some customers who contract for services with Verizon NJ

---

[2] Verizon's investigation regarding the entire alleged class period is continuing.

are not citizens of New Jersey or Delaware. Indeed, by alleging that "[t]he Class is *predominantly* New Jersey residents," Plaintiff recognizes that the putative class includes citizens of states other than New Jersey. (Compl. ¶ 66) (emphasis added). For example:

- ° Potential putative class member Michael F. Hahn contracted with Verizon NJ for FiOS services from June 20, 2007 to November 29, 2010 and is presently a citizen of Maine. (Ex. F, Certification of Michael F. Hahn).
- ° Potential putative class member Peter Rymer contracted with Verizon NJ for FiOS services beginning on May 22, 2009 to date, and is presently a citizen of New York. (Ex. G, Certification of Peter Rymer).

16. Along with other members of the alleged putative class, neither Mr. Hahn nor Mr. Rymer are citizens of New Jersey or Delaware. Accordingly, at least one proposed class member is a citizen of a state different from a Defendant, thus satisfying the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

**Amount in Controversy.**

17. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Without conceding any merit to the Complaint's allegations or causes of action, the amount in controversy here satisfies this jurisdictional threshold because under Plaintiff's theories of recovery the amount in controversy exceeds $5 million.

Overcharges Alleged By Plaintiff and the Putative Class

18. The Complaint alleges that "Plaintiff was induced to enter into a contract by Verizon because Verizon, orally and in writing multiple times, promised that Plaintiff would pay only $99 per month for Internet, phone and TV Bundled Service, and because Verizon offered a

6

large LCD television set to anyone who signed a contract for Verizon Bundled Services.  After the installation of Verizon 'triple play' Bundled service, Verizon never delivered to Plaintiff an LCD TV or any incentive as promised.  Furthermore, from June 21, 2007 until the present and continuing to the present day, Plaintiff was charged far more than $99 for his 'triple play' package every month.  Since June 21, 2007 until the present, Plaintiff has always been charged and paid more than $200 per month and often over $300 per month for services advertised at $99 per month. . . . ."  (*Id*. ¶¶ 29-32.)

19.	Plaintiff has asserted claims under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*., which provides for a "refund of all moneys acquired by means of any [unlawful] practice," as well as treble damages and attorneys' fees. N.J.S.A. § 56:8-2.11, 19.  Plaintiff also seeks "[a]n order of disgorgement of any profits or gains obtained as a result of the fraud" and "[a]n order of restitution to Plaintiff and other Class Members to rectify the injuries and harm Plaintiff and Class Members suffered as a proximate consequence of the Fraud."  (*Id*. at p. 34.)

20.	Plaintiff further alleges that "Plaintiff's claims are typical of the class.  Plaintiff and all members of the Class have sustained, or are likely to sustain in the future, damages, and the financial losses directly caused by Defendants' acts, omissions, misrepresentations and contractual breaches regarding their fraudulent billing practices."  (*Id*. ¶ 57.)

21.	Since Plaintiff alleges that his claim that he was overcharged by at least $100 per month is "typical" of the putative class members' claims, the damages at issue for only a single month are approximately $29.9 million (approximately 299,000 customers who purchased Bundled Services from Verizon NJ since May 2011 multiplied by the $100 alleged overcharge). This significantly exceeds the $5 million threshold amount in controversy.

22.	Plaintiff's alleged restitution damages under the New Jersey Consumer Fraud Act thus clearly exceed the jurisdictional limit even without analyzing the additional claims at issue

(i.e., disgorgement for customers who purchased Bundled Services prior to May 2011, the repeated monthly overcharges alleged by Plaintiff, treble damages or attorneys' fees available under the New Jersey Consumer Fraud Act, or the value of the injunctive relief sought by Plaintiff).[3]

<u>Statutory Damages Under the TCCWNA</u>

23. Plaintiff also seeks "maximum statutory damages" pursuant to N.J.S.A. § 56:12-17 for violations of the TCCWNA. (Compl. at pp. 25, 28, 30.) Pursuant to N.J.S.A. § 56:12-17, a court may award to the aggrieved consumer "a civil penalty of not less than $100.00 or for actual damages, or both . . . ." Calculating only a single violation and penalty of $100 for each of the approximately 299,000 customers who purchased Bundled Services from Verizon NJ since only May 2011, the alleged statutory damages would be approximately $29.9 million. This significantly exceeds the $5 million threshold amount in controversy.

24. As with Plaintiff's claims under the New Jersey Consumer Fraud Act, Plaintiff's alleged damages under the TCCWNA far exceed the jurisdictional limit without even considering alleged damages related to customers who purchased Bundled Services prior to May 2011 or the potential assessment of penalties for the multiple violations for each customer alleged by Plaintiff.

\*          \*          \*

---

[3] Plaintiff seeks broad injunctive relief "preventing and directing Defendant from employing similarly fraudulent marketing practices in the future." (Compl. at p. 34.) The value of this injunctive relief also counts towards the amount in controversy. *See Spock v. David*, 469 F.2d 1047, 1052 (3d Cir. 1972) ("In cases where there is no adequate remedy at law, the measure of jurisdiction is the value of the right sought to be protected by injunctive relief"); *Hunter v. Greenwood Trust Co.*, 856 F. Supp. 207, 220 (D.N.J. 1992) (where plaintiff sought injunction against the imposition of late fees, valuing cumulative late fees).

25. Plaintiff's allegations place in controversy an amount well in excess of $5 million. For purposes of removal "the question is not what damages the Plaintiff will recover, but what amount is 'in controversy' between the parties.'" *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 448 (7th Cir. 2005) ("That the Plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the Plaintiff will fail and the judgment will be zero) does not prevent removal."). While Verizon disputes that it is liable to Plaintiff or the putative class, or that Plaintiff or the putative class suffered any injury or incurred damages in any amount whatsoever, or that any class is certifiable, for purposes of satisfying the jurisdictional prerequisites of CAFA, the matter in controversy exceeds $5 million.

**No Joinder Necessary.**

26. No other Defendants have been identified by Plaintiff and no other Defendants are required to consent to removal based on CAFA. 28 U.S.C. § 1453(b).

## RESERVATION OF RIGHTS AND DEFENSES

27. By filing this Notice of Removal, Verizon does not waive any defenses that may be available to it and reserves all such defenses. In addition, Verizon does not concede that this action may proceed in the court system rather in arbitration through the arbitral forum specified and selected in the parties' contract, that plaintiff states any claim upon which relief can be granted, or that plaintiff is entitled to any relief of any nature. Nonetheless, Plaintiff's claims, as pleaded in the Complaint at the time of removal, "whether well or ill founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 202 U.S. 283, 294 (1938).

28. If any questions arise as to the propriety of the removal of this action, Verizon respectfully requests the opportunity to present oral argument.

## **CONCLUSION**

29. For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d). Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a) and § 1453.

WHEREFORE, Verizon gives notice that the above-described action pending against it in the Superior Court for the County of Hudson is removed to this Court.

/s/ Philip R. Sellinger
Philip R. Sellinger
David Jay

GREENBERG TAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
Facsimile: (973) 301-8410

Attorneys for Defendants
Verizon New Jersey Inc. and
Verizon Enterprise Solutions LLC (formerly known
and improperly pleaded as NYNEX Long Distance
Company d/b/a Verizon Enterprise Solutions)

Dated: June 27, 2013