# EXHIBIT A

GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Philip R. Sellinger
·David Jay
(973) 360-7900
(973) 301-8410 (fax)
Attorneys for Defendants
Verizon New Jersey Inc. and
Verizon Enterprise Solutions LLC (formerly known and improperly pleaded as NYNEX
Long Distance Company d/b/a Verizon Enterprise Solutions)

|  |  |
|---|---|
| ·PROFESSOR ARNO MAYER, Verizon customer, and all other similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON NEW JERSEY INC., formerly known as Bell Atlantic-New Jersey, Inc., NYNEX LONG DISTANCE COMPANY d/b/a Verizon Enterprise Solutions, and JANE and JOHN DOES 1-10, individually and as owners, officers, directors, Shareholders, founders, managers, agents, servants, employees, representatives and/or independent contractors of VERIZON NEW JERSEY, INC., and XYZ CORPORATIONS 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY HUDSON COUNTY:  LAW DIVISION<br><br>DOCKET NO. HUD-L-2066-13<br><br>CIVIL ACTION |

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:   Clerk, New Jersey Superior Court          Carl J. Mayer, Esq.
      Civil Division Office, Hudson County       Mayer Law Group LLC
      583 Newark Ave.                            66 Witherspoon St., Suite 414
      Jersey City, N.J. 07306                    Princeton, NJ 08542

Pursuant to 28 U.S.C. § 1446(d), Defendants Verizon New Jersey Inc. ("Verizon

NJ") and Verizon Enterprise Solutions LLC (formerly known and improperly pleaded as

NYNEX Long Distance Company d/b/a Verizon Enterprise Solutions) ("VES")

(collectively, "Verizon") caused to be filed with the United States District Court for the

District of New Jersey a Notice of Removal of the above-captioned case from this Court

to the United States District Court for the District of New Jersey.  A copy of the Notice of

Removal is attached as Exhibit 1.

> GREENBERG TRAURIG, LLP
> 200 Park Avenue
> Florham Park, New Jersey 07932
> Philip R. Sellinger
> David Jay
> (973) 360-7900
> (973) 301-8410 (fax)
> Attorneys for Defendants
> Verizon New Jersey Inc. and
> Verizon Enterprise Solutions LLC (formerly
> known and improperly pleaded as NYNEX
> Long Distance Company d/b/a Verizon
> Enterprise Solutions)
>
> By: _____
>      Philip R. Sellinger

Dated:  June 27, 2013

# EXHIBIT B

SUMMONS

RECEIVED MAY 28 2013

Attorney(s) _Carl J. Mayer Esq._

Office Address  _Mayer Law Group LLC_

Town, State, Zip Code _66 Witherspoon St., Suite 414_
_Princeton, NJ 08542_

Telephone Number  _609-462-7979_

Attorney(s) for Plaintiff _Professor Arno Mayer_

_____

_Professor Arno Mayer_
         Plaintiff(s)

     Vs.

_Verizon New Jersey Inc. and Verizon Enterprise Solutions,_
_____

         Defendant(s)

# Superior Court of New Jersey

_HUDSON_ _____ COUNTY

_Law_ _____ DIVISION

Docket No: _L-2066-13_

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

By Atty Carl J. Mayer

_____
Clerk of the Superior Court

DATED:  _May 23, 2013_

Name of Defendant to Be Served:  _Verizon Enterprise Solutions_

Address of Defendant to Be Served:  _10 Allen Road, Suite 300, Liberty Corner, NJ 07938_

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

Carl J. Mayer, Esq.
Mayer Law Group, LLC
66 Witherspoon Street, Suite 414
Princeton, NJ 08542
(609)-462-7979
Attorneys for Plaintiff

RECEIVED #2

APR 2 9 2013

SUPERIOR COURT OF N.J.
FEE OFFICE
COUNTY OF HUDSON

| | |
|---|---|
| PROFESSOR ARNO MAYER,  Verizon customer, and all other similarly situated | SUPERIOR COURT OF NEW JERSEY |
| | HUDSON COUNTY: LAW DIVISION |
| Plaintiffs, | CIVIL CLASS ACTION |
| | Docket No: _L 2066-13_ |
| vs. | JURY TRIAL DEMANDED |
| VERIZON NEW JERSEY, INC., formerly known as Bell Atlantic-New Jersey, Inc., NYNEX LONG DISTANCE COMPANY d/b/a Verizon Enterprise Solutions, and JANE and JOHN DOES 1-10, individually and as owners, officers, directors, Shareholders, founders, managers, agents, servants, employees, representatives and/or independent contractors of VERIZON NEW JERSEY, INC., and XYZ CORPORATIONS 1-10 | |
| Defendants, | |

## PRELIMINARY STATEMENT

1.     Plaintiff, Dr. Arno Mayer, is a retired Princeton University Professor. He brings this class action against Defendant Verizon New Jersey, Inc. (herein "Verizon" or "Defendant") for engaging in fraudulent and unlawful telephone billing practices over the course of at least six years. Defendant is the 41St largest corporation in the world with revenues of over $100 billion per year, or roughly $10 million each hour of every day.

2.     Defendant has been the subject of numerous consumer complaints and lawsuits over the years, both nationally and in New Jersey.

3.     This case is about Defendant's fraudulent "bait-and-switch" scheme in New Jersey whereby it signs up New Jersey customers for what it calls a "triple play" bundled package of phone, TV and Internet at a promised rate of $99 per month.  Despite this false promise,  Verizon bills up to $300 per month or more for the service.

4.     Plaintiff was a victim of this deceptive scheme.

5.     Defendants also promised various prizes for signing up for "bundled" packages.

6.     However, no prizes were actually delivered to Plaintiff or the Class.

7.     Defendant also victimized Plaintiff by charging him for years for a phone line that never was in service and which Plaintiff never made any calls from.

8.     Further, Defendant over-charged Plaintiff by assessing fees on his working lines while those lines were out of service, often for months at a time.

9.    Defendant also fraudulently over-collected New Jersey state sales and tax and unlawfully listed other fees on the phone bills of Plaintiff and the Class.

10.    Defendant began offering residential and business customers in the State of New Jersey ("State" or "New Jersey ") television, Internet and telephone service over fiber-optic cables in or around the fall of 2006.  Defendant calls this Fiber Optic Service or "FIOS" for short. Often this service was and is bundled with Defendant's traditional landline or copper cable telephone service as a package. ("Bundled Service").   This package would be sold as "triple play" which combined phone, TV and Internet or "double play" which combined phone and TV or phone and Internet.

11.    At that time, Defendant began an extensive advertising campaign for Bundled Service and FiOS Service through television, radio and Internet commercials, as well as print advertising and direct mailings.

12.    In addition, Defendant deployed teams of individuals to sell Bundled Service and FiOS Service door-to-door in municipalities where Bundled Service and FiOS Service was available or would be available soon.

13.    Beginning in 2006, Defendant also launched a series of promotional offers to consumers who signed one (1) or two (2) year contracts for Bundled Service and FiOS Service, which included free LCD televisions and gift cards.

14.    In its advertisement, door-to-door solicitation and sale of Bundled Service and FiOS Service, Defendant, *inter alia,* failed to provide consumers with accurate information regarding packages, promotions and prizes.

15.    Consumers who were induced by promotions into signing up for Bundled Service and FiOS Service experienced long delays in receiving the promotional gifts, and in some cases were denied the gifts based upon requirements of which they were unaware.

16.    Moreover, once consumers contracted for Bundled Service and FiOS Service, Defendant, *inter alia*, charged consumers inconsistent amounts for the same service. Finally, consumers experienced difficulty contacting Defendant customer service representatives in order to address or resolve issues as to promotions, services and/or billing.

17.    Plaintiff Dr. Arno Mayer experienced all of these issues.

18.    As detailed below, such conduct is deceptive and in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("CFA"), and related New Jersey statutes, regulations and common law.

19.    Plaintiffs seek certification of this matter as a class action, and demand a jury trial. For their class action complaint against defendant, plaintiffs allege as follows:

4

## PARTIES AND JURISDICTION

20.    By this action, Plaintiffs seek monetary and injunctive and other relief for violations of the CFA and the CFA Regulations. Plaintiffs bring this suit under the CFA, specifically N.J.S.A. 56:8-8, 56:8-11, 56:8-13 and 56:8-19 as well as under other New Jersey statutory and common law.

21.    Plaintiff Professor Arno Mayer is a citizen and resident of Princeton in Mercer County, New Jersey.

22.    Verizon was incorporated in the State as a Domestic Profit Corporation on August 25, 1904. Verizon maintains a principal place of business at 2828 John F. Kennedy Blvd, Jersey City NJ 07306-3919, as well as at numerous other locations in Hudson County, New Jersey. Verizon's registered agent in the State is The Corporation Trust Company, which maintains a mailing address of 820 Bear Tavern Road, West Trenton, New Jersey 08628.

23.    Venue is proper under R. 4:3-2, because it is a county in which the defendant maintains a principal place of business.

24.    Defendant Verizon New Jersey, Inc. is incorporated under the laws of the state of New Jersey and is a wholly owned subsidiary of Verizon Communications, Inc. Defendant is one of the world's leading providers of communications services, serving residential and business customers in New Jersey, thirty-one other states, and the District

5

of Columbia.  Defendant Verizon New Jersey, Inc. is the successor company to Bell Atlantic New Jersey, Inc, which operated under that name from January 1994 until July 30, 2000.

25.     Defendant NYNEX Long Distance Company, d/b/a Verizon Enterprise Solutions (herein "Defendant Verizon Enterprise Solutions") is a long distance company, incorporated in Delaware, with its headquarters located at 1320 North Court House Road, 6th Floor, Arlington, Virginia 22201, and having an authorized representative at 10 Allen Road, Suite 300, Liberty Corner, NJ 07938.  Defendant Verizon Enterprise Solutions is a wholly owned subsidiary of Verizon Communications, Inc.

26.     Upon information and belief, John and Jane Does 1 through 10 are fictitious individuals meant to represent the owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives and/or independent contractors of Verizon who have been involved in the conduct that gives rise to this Complaint, but are heretofore unknown to the Plaintiffs. As these defendants are identified, Plaintiffs shall amend the Complaint to include them.

27.     Upon information and belief, XYZ Corporations 1 through 10 are fictitious corporations meant to represent any additional corporations that have been involved in the conduct that gives rise to this Complaint, but are heretofore unknown to the Plaintiffs. As these defendants are identified, Plaintiffs shall amend the Complaint to include them.

## ALLEGATIONS OF THE CLASS PLAINTIFF

28.   Plaintiff Professor Arno Mayer, the Dayton-Stockton Professor Emeritus at Princeton University, entered into a contract for a Verizon FIOS and copper line "triple play" package on June 21, 2007.

29.   Plaintiff was induced to enter into the contract by Verizon because Verizon, orally and in writing multiple times, promised that Plaintiff would pay only $99 per month for Internet, phone and TV Bundled Service, and because Verizon offered a large LCD television set to anyone who signed a contract for Verizon Bundled Services.

30.   After the installation of Verizon "triple play" Bundled service, Verizon never delivered to Plaintiff an LCD TV or any incentive as promised.

31.   Furthermore, from June 21, 2007 until the present and continuing to the present day, Plaintiff was charged far more than $99 for his "triple play" package every month.

32.   Since June 21, 2007 until the present, Plaintiff has always been charged and paid more than $200 per month and often over $300 per month for services advertised at $99 per month.   Plaintiff was charged different amounts each month rather than a fixed rate as advertised by Verizon.

33.   In addition, Plaintiff, since the inception of service in 2007, and continuing until today has never received a uniform bill from Verizon as required by New Jersey's consumer protection law.  Instead, Verizon automatically debits customers account.

7

34.     Despite hundreds of hours spent by Plaintiff and Plaintiff's attorney, over the course of more than five years, writing and speaking with over a dozen representatives of Verizon representing several offices, these fraudulent billing and overcharging issues have not been remedied.

35.     Defendants billing practice, including for Plaintiff, is that when a customer signs up for an automated bill payment system –either through a credit card or debit of a customer's bank account –Verizon believes it has no obligation to send customers itemized bills for services rendered.   This is a clear violation of the New Jersey CFA.

36.     Furthermore, Plaintiffs, since the inception of service in 2007 and continuing to the present day, received on his bills fraudulent and unauthorized charges for items like "operator assistance" or third party billing.

37.     Despite hundreds of hours of discussions with numerous representatives of Defendants by Plaintiff and Plaintiff's counsel, Defendants have not removed these fraudulent and unauthorized charges nor provided credit for such charges.

38.     From June 2007 until the present, Plaintiff's phone lines would periodically be out of service for weeks or months at a time.   Plaintiff, during that time, either could not make calls all together or the static on the lines made calling impractical.   Even worse, plaintiff was billed from June 2007 until the present for a separate phone line that never worked and that never made calls.  Despite this clear violation of New Jersey consumer law, Verizon has not refunded Plaintiff for service outages.

39.     During the class period Verizon improperly listed E911 fees in violation of the Emergency 911 Statute C:52:17C-20.

40.     During the class period Verizon also fraudulently over-billed Plaintiff for state sales taxes.

## FACTS COMMON TO CERTIFICATION AND TO ALL COUNTS

41.     Beginning in the Fall of 2006, Defendant has advertised and engaged in the sale of Bundled Service and FiOS Service, often combined with traditional copper wire service, to consumers in this State and elsewhere.

42.     In New Jersey, Defendant initially offered Bundled Service and FiOS Service in a few municipalities. The number of municipalities increased, as Verizon continued to install fiber-optic cable in the ground. At present, Defendant continues such installation throughout New Jersey.

43.     At all relevant times, Verizon has advertised and otherwise offered Bundled Service and FiOS Service for sale to consumers in the State and elsewhere through its website at www.verizon.com and other websites maintained by or on behalf of Verizon (collectively, "Verizon Website").

44.    At all relevant times, Defendant has advertised and otherwise offered Bundled Service and FiOS Service for sale to consumers in the State and elsewhere through television commercials ("Television Advertising").

45.    At all relevant times, Defendant has advertised and otherwise offered Bundled Service and FiOS Service for sale to consumers in the State and elsewhere through print advertising ("Print Advertising").

46.    At all relevant times, Defendant has advertised and otherwise offered Bundled Service and FiOS Service for sale to consumers in the State and elsewhere through direct mailings ("Direct Mail Advertising").

47.    At all relevant times, Defendant has advertised and otherwise offered Bundled Service and FiOS Service for sale to consumers in the State and elsewhere through door-to-door canvassing ("Door-to-Door Solicitations").

48.    Among other things, such advertisements touted the superior speed, variety and value offered by Bundled Service and FiOS Service.

49.    At various times beginning in 2006, Verizon offered promotional products to consumers who contracted for Bundled Service and FiOS Service, which included free LCD televisions, camcorders, digital cameras or gift cards. These gifts were frequently given as a premium to those who signed twelve (12) or twenty- four (24) month contracts.

10

50.    Upon information and belief, Verizon uses a variety of databases to collect information relevant to different tasks performed for customers, such as installation and billing.

51.    Upon information and belief, these databases, some decades old, are not designed to be searched by customer name.

52.    Upon information and belief, Verizon cannot identify and retrieve information for specific customers with a simple name search.

53.    Upon information and belief, due to its billing and other information systems, Verizon has erroneously disqualified customers from receiving promotional gifts and/or charged customers inconsistent and/or incorrect amounts on monthly statements for Bundled Service and FiOS Service.


## CLASS ACTION ALLEGATIONS


54.    Plaintiff brings this class action under and pursuant to N.J.S.A. §4:32 *et seq.*, on behalf of his himself and others similarly situated, seeking relief as more fully set forth hereinafter, including, but not limited to, statutory, compensatory and other fair and adequate damages for the Class members, together with equitable relief, and together with an award of counsel fees and costs, for the following Class:

All persons who contracted with Verizon for Bundled Services and/or FIOS services such as "triple play" and "double play" that promised a fixed and discounted rate and who:

a.    did not receive such discounted bundled rate but were instead billed a higher amount for individual services;

b.    received unauthorized charges on their bill for "operator assisted" calls and third party billing;

c.    never received credits on their bill for periods during which service was not provided;

d.    never received itemized monthly bills from Defendant;

e.    never received the promotion gift (such as a TV) promised by Defendant for signing up for bundled or FiOS service;

f.    received various other unauthorized and unlawful fees and charges.

55.    The members of the Class are so numerous that joinder of all members is impractical.

12

56.    There are numerous questions of law and of fact common to the members of

the Class, which questions relate to the existence of the acts of wrongdoing alleged

herein, the liability of Defendant, and the culpability of Defendant. Questions of

law and fact common to the Class include, but are not limited to:

    a.    Whether Verizon misrepresented the terms and conditions of its Bundled

Services including Bundled TV, Internet and phone packages.

    b.    Whether Verizon violated the New Jersey Advertising Regulations;

    c.    Whether Verizon violated the New Jersey consumer common law.

    d.    Whether the marketing strategy employed by Verizon was part of a uniform

scheme of Verizon's management to defraud prospective residents;

    e.    Whether Verizon committed fraud by intentionally deceiving prospective

customers about the true costs of their phone service;

    f.    Whether Verizon violated the New Jersey Consumer Fraud Act;

    g.    Whether Verizon violated the New Jersey Truth-In-Consumer Contract,

Warranty and Notice Act;

    h.    Whether Verizon breached New Jersey's implied covenant of fair dealing by

offering new customers substantial discounts that were illusory.

    i.    Whether the Plaintiff and the members of the Class are entitled to statutory,

compensatory and/or exemplary damages, and, if so, the nature of such damages;

    j.    Whether the Plaintiff and the members of the Class are entitled to equitable

13

relief in the form of an injunction enjoining further unconscionable, deceptive or wrongful commercial practices that violate the New Jersey Consumer Fraud Act and other applicable statutes, regulations and common law.

57.   Plaintiff's claims are typical of the claims of the class.  Plaintiff and all members of the Class have sustained, or are likely to sustain in the future, damages, and the financial losses directly caused by the Defendants' acts, omissions, misrepresentations and contractual breaches regarding their fraudulent billing practices.

58.   Plaintiff will fairly and adequately assert and protect the interests of the Class, has no conflict of interest with respect to any named or unnamed members of the Class, and fully intends to prosecute this action.  Plaintiff fully recognizes his role and appreciates his role as representing thousands of consumers who have been subjected to Verizon's wrongful and fraudulent marketing practices, concealments and breaches of contract.

59.   Plaintiff has retained competent counsel experienced in class actions and consumer fraud litigation. Counsel will fairly and adequately protect the interest of the Class and Subclasses.

60.   Plaintiff has adequate financial resources or has made ethical arrangements with counsel whereby the cost of the administration of this litigation will be fully undertaken and provided.

61.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards

14

of conduct for Defendants.

62.     Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including pleading and factual issues relating to liability and remedies.

63.     This Class Action is a fair and efficient method of adjudicating the controversy. This is a consumer class action in which the damages of the Class in the aggregate is large and justifies the significant expenses for research, investigation, discovery, hiring of experts and trial preparation which would be required to prosecute claims on behalf of the Class.

64.     The action is manageable as a Class Action.

65.     Upon information and belief, the records of Defendant will enable the Plaintiff to identify other members of the Class.

66.     The Class is predominantly New Jersey residents and notice by publication can be employed to notify those Class members for which Verizon does not have identifying information.

**COUNT I**
**VIOLATION OF THE CFA BY DEFENDANT'S**
**UNCONSCIONABLE COMMERCIAL PRACTICES**

67.     Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 66 above as if more fully set forth herein.

68.   The CFA, N.J.S.A. 56:8-2, prohibits:

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise. . .

CFA, N.J.S.A. 56:8-2

69.   In the operation of its business, Defendant has engaged in the use of unconscionable commercial practices, deception, false promises, misrepresentations and/or the knowing concealment, suppression or omission of material facts.

70.   Defendant, *inter alia,* engaged in the following unconscionable commercial practices in connection with its advertisement, door to door solicitation and sale of Bundled Service and FiOS Service:

a.   Quoting one price for Bundled Service and FiOS Service in Door-to-Door Solicitations, Direct Mail Advertising and otherwise, then billing consumers at a higher price; and;

b.   Charging consumers an activation fee, after the salesperson in the Door-to-Door Solicitation waived the fee.

c.   Placing unauthorized charges on customers bills for "operator assisted" phone calls and third party services and failing to provide a uniform monthly bill.

71.   Defendant, *inter alia,* engaged in the following unconscionable commercial

16

practices in connection with the promotional gifts offered with Bundled Service and FiOS Service:

    a.    Advertising promotional gifts, yet failing to provide consumers with the opportunity to contract for the types of Bundled Service and FiOS Service necessary to obtain the promotional gifts;

    b.    Failing to provide consumers with the rewards letter or other instructions necessary to receive their promotional gifts;

    c.    Confirming that consumers are entitled to receive promotional gifts, but failing to provide promotional gifts;

    d.    Refusing to provide promotional gifts to consumers who contracted for FiOS Service within the promotional period; and

    e.    Providing consumers with promotional gifts only after significant delay and/or after consumers made repeated calls or other contacts with Defendant.

72.    Defendant, *inter alia,* engaged in the following unconscionable commercial practices in connection with the billing of customers for Bundled Service and FiOS Service:

    a.    Billing consumers at a price other than that initially quoted to consumers;

    b.    Billing, on a monthly basis, inconsistent amounts to the same consumers with the same services; and

17

    c.     Charging consumers for services (i.e. movie packages, "operator assistance" and "third party billing") they never ordered.

    d.     Billing consumers for phone service that did not work and billing for fraudulent fees and taxes.

73.   Defendant, *inter alia,* engaged in the following unconscionable commercial practices in connection with the customer service relating to Bundled Service and FiOS Service:

    a.     Confirming, yet failing to meet installation appointments;

    b.     Failing to honor a consumer's request to cancel the Bundled Service and FiOS Service;

    c.     Providing through its customer service representatives, conflicting information to consumers who make inquiries as to promotional gifts, services and/or billing;

    d.     Making it very difficult (i.e. long delays, varied telephone numbers) for consumers to reach a customer service representative in order to address or resolve issues as to promotional gifts, services and/or billing; and

    e.     Failing to respond to consumers' telephone and email messages concerning their promotional gifts, services and/or billing.

74.   Each unconscionable commercial practice constitutes a separate violation under the CFA, N.J.S.A. 56:8-2.

<u>COUNT II</u>
<u>VIOLATION OF THE CFA BY DEFENDANT'S</u>
<u>FALSE PROMISES, MISREPRESENTATIONS,</u>
<u>DECEPTION AND KNOWING OMISSIONS OF MATERIAL FACT</u>

75.   Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

76.   Defendant, by itself and through its owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives and/or independent contractors, has made false promises and misrepresentations and otherwise engaged in deceptive conduct in connection with the advertisement, solicitation, promotion, billing and customer service related to its Bundled Service and FiOS Service, including, but not limited to, the following:

a.   Representing one price for Bundled Service and FiOS Service in Door-to-Door Solicitations, Direct Mail Advertising and otherwise, and then failing to charge the consumers such price;

b.   Representing that consumers are entitled to promotional gifts, then failing to provide such gifts;

c.   Promising, then failing, to provide consumers with promotional gifts during the advertised six (6) to eight (8) week period;

19

    d.     Representing through solicitations or contract forms that movie packages were free, then billing consumers for such services; and;

    e.     Promising, then failing, to waive a consumer's installation or activation fee.

77.    Defendant, by itself and through its owners, officers, directors, shareholders, independent contractors, founders, managers, agents, servants, employees, representatives and/or  has engaged in the knowing omission of material facts in connection with the advertisement, solicitation promotion and customer service related to its Bundled Service and FiOS Service, including, but not limited to, the following:

    a.     Failing to advise consumers of a necessary action to receive a promotional gift and;

    b.     Failing to tell consumers that they did not qualify for a promotional gift because they received other promotional discounts on their Bundled Service and FiOS Service.

78.    Each false promise, misrepresentation, deception and/or knowing omission of material fact by Defendant constitutes a separate violation of the CFA, N.J.S.A. 56:8-2.

## COUNT III
## VIOLATION OF THE CFA BY DEFENDANT'S
## FAILURE TO PROVIDE COPY OF CONTRACT

79.    Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

80.    The CFA requires any person engaged in the sale of merchandise to provide a consumer with a copy of any contract signed by that consumer.

81.    Specifically, N.J.S.A. 56:8-2.22 provides:

> It shall be an unlawful practice for a person in connection with a sale of merchandise to require or request the consumer to sign any document as evidence or acknowledgment of the sales transaction, of the discharge by the person the existence of the sales contract, or of  any obligation to the consumer specified in or arising out of the transaction or contract, unless he shall at the same time provide the consumer with a full and accurate copy of the document so presented for signature….

> N.J.S.A. 56:8-2.22

82.    In its Door-to-Door Solicitations, Defendant has violated the CFA by failing to provide consumers with a copy of the contract signed by the consumer for Bundled Service and FiOS Service.

83.    Each failure of Defendant to provide a consumer with a copy of the contract constitutes a separate violation of N.J.S.A. 56:8-2.22.

**COUNT IV**
**VIOLATION OF THE ADVERTISING**
**REGULATIONS BY DEFENDANT**

21

84.    Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

85.    The Regulations Governing General Advertising, N.J.A.C. 13:45A-9.1 et seq. ("Advertising Regulations") promulgated pursuant to the CFA, address, among other issues, general advertising practices.

86.    Specifically, the Advertising Regulations govern general advertising practices and provide, in relevant part:

> Without limiting the application of N.J.S.A. 56:8-1 et seq., the following practices shall be unlawful with respect to all advertisements:
>
> (2) The failure of an advertiser to specifically designate within an advertisement which merchandise items possess special or limiting factors relating to price, quality, condition or availability.
>
> (5) The use of any type, size, location, lighting, illustration, graphic depiction or color resulting in the obscuring of any material fact.
>
> (9) The making of false or misleading representations of facts concerning the reasons for, existence or amounts of price reductions, the nature of an offering or the quantity of advertised merchandise available for sale.
>
> N.J.A.C. 13:45A-9.2(a)(2), (5), (9).

87.    The Advertising Regulations further provide that:

> (a) An advertiser offering an item of merchandise specifically advertised for sale at a price of $100.00 or more shall, in addition to complying with the provisions of N.J.A.C. 13:45A-9.2:

22

(2) State the former price or price range or the amount of the reduction

in dollars. (N.J.A.C. 13:45A-9.4(a)(2)).

88.   In its advertisement of Bundled Service and FiOS Service, Defendant violated the

Advertising Regulations by engaging in certain conduct including, but not limited to:

a.   Failing to include an asterisk leading consumers to the reference to the

required installation date in order to qualify for the promotional gift;

b.   Failing to include an asterisk leading consumers to the reference to the

required Bundled Service and FiOS Service in order to qualify for the

promotional gift;

c.   Failing to state that registration was required in order to obtain the

promotional gift;

d.   Using the phrase "additional charges apply" without providing a description

of those charges;

e.   Including program limitations in 7 point font at the bottom of the

leading the consumer to advertisement without any asterisk or other signal

that language;

f.   Offering savings, but failing to state the former price or price range or the

amount of the reduction in dollars; and

g.   Using colors that obstruct material facts (use of white lettering on a white

background).

23

89.    Each violation of the Advertising Regulations constitutes a *per se* violation of the CFA, N.J.S.A. 56:8-2.

## COUNT V
## FIRST VIOLATION OF NEW JERSEY TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT

90.    Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

91.    Plaintiff and others similarly situated are "consumers" within the meaning of the New Jersey Truth-In-Consumer Contract, Warranty and Notice Act ("TCCWNA"). N.J.S.A. § 56:12-15.

92.    The TCCWNA prohibits a seller from offering to a consumer to enter into a contract containing a provision that violates a clearly established right of the consumer. N.J.S.A. § 56:12-15.

93.    The TCCWNA protects consumers by requiring that consumer contracts be clearly written and understandable.

94.    As set forth above, Defendants have engaged in a scheme to violate Plaintiff's rights protected by the CFA.

95.    As set forth above, Defendants have engaged in unconscionable commercial practices or deceptive acts or practices by inducing plaintiff and others similarly situated to enter into a contract that promised one rate and charged a higher rate.

24

96.    With their offer to contract, Defendants lacked honesty in fact, fair dealing and good faith, misled consumers acting reasonably, and thus violated an established right held by Plaintiff and others similarly situated protected under the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-2.11.

97.    The plaintiffs, on behalf of themselves and all others similarly situated, repeats and re-alleges all prior allegations as if set forth at length herein.

98.    The defendant's "Agreement" as given to the plaintiffs and others similarly situated are consumer notices and/or contracts subject to TCCWNA.

99.    The defendant is a "seller" within the meaning of N.J.S.A. 12-15.

        WHEREFORE, the plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against the defendant as follows:

        a.    Certifying a Class with respect to the plaintiffs' TCCWNA claims, as defined herein, under Rule 4:32-1(b)(3);

        b.    On behalf of the plaintiffs individually and on behalf of the Class, for maximum statutory damages pursuant to N.J.S.A. 56:12-17 and all other applicable statutes for violations of N.J.S.A. 56:12-15.

        c.    On behalf of the Class, for injunctive relief prohibiting the defendant from future violations of the TCCWNA, N.J.S.A. 56:12-14 *et seq.;*

        d.    On behalf of the Class, for injunctive relief prohibiting the defendant from selling Bundled Services and FiOS Services in a deceptive manner;

25

e.     On behalf of the Class, for injunctive relief barring the defendant

from selling phone services in any manner that violates N.J.S.A. 56:12-14

*et seq.*;

f.     On behalf of the Class, for a declaratory judgment that the defendant

violated the TCCWNA;

g.     For reasonable attorneys' fees and costs of suit in connection with

this action pursuant to N.J.S.A. 56:12-17; and

h.     For such other and further relief as the plaintiffs and all others

similarly situated may be entitled or as the Court deems just and equitable.

## COUNT SIX
## SECOND VIOLATION OF TCCWNA

100.   The plaintiffs, on behalf of themselves and all others similarly situated,

repeats and re-alleges all prior allegations as if set forth at length herein.

101.   The defendant's "Agreement" as given to the plaintiffs and others similarly

situated are consumer notices and/or contracts subject to TCCWNA.

102.   The defendant is a "seller" within the meaning of N.J.S.A. 12-15.

103.   TCCWNA, at N.J.S.A. 56:12-15, prohibits any seller from offering,

entering into, giving or displaying a written consumer notice that includes a

26

provision that violates a clearly established right of the consumer or responsibility of the seller as established by New Jersey or Federal law.

104.   The right of a consumer to accurately, clearly and conspicuously be informed about any conditions of an Agreement that induced the consumer into a service Agreement based upon the representation is a clearly established right under N.J.S.A. 56:8-1 *et seq.*

105.   The responsibility of the seller not to use any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression or omission of any material fact with the intent that others rely upon such concealment, suppression or omission is a clearly established responsibility under N.J.S.A. 56:8-1 *et seq.*

106.   The defendant violates the TCCWNA by having its agents fail to deliver promised gifts to Plaintiff and members of the class and by placing unauthorized charges and fees on Plaintiffs bill and by charging the Class for phone services when said phone lines were out of order.

WHEREFORE, the plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against the defendant as follows:

a.     Certifying a Class with respect to the plaintiffs' TCCWNA claims, as defined herein, under Rule 4:32-1(b)(3);

27

b.    On behalf of the plaintiffs individually and on behalf of the Class, for maximum statutory damages pursuant to N.J.S.A. 56:12-17 and all other applicable statutes for violations of N.J.S.A. 56:12-15.

c.    On behalf of the Class, for injunctive relief prohibiting the defendant from future violations of the TCCWNA, N.J.S.A. 56:12-14 *et seq.*

d.    On behalf of the Class, for injunctive relief prohibiting the defendant from authorizing his agent to expressly warrant to potential customers that the customer would receive a gift when in fact gifts are never delivered.

e.    On behalf of the Class, for injunctive relief barring the defendant from selling phone services in any manner that violates N.J.S.A. 56:12-14 *et seq.*;

f.    On behalf of the Class, for a declaratory judgment that the defendant violated the TCCWNA;

g.    For reasonable attorneys' fees and costs of suit in connection with this action pursuant to N.J.S.A. 56:12-17; and

h.    For such other and further relief as the plaintiffs and all others similarly situated may be entitled or as the Court deems just and equitable.

## COUNT SEVEN
## THIRD VIOLATION OF TCCWNA

107.   The plaintiffs, on behalf of themselves and all others similarly situated, repeats and re-alleges all prior allegations as if set forth at length herein.

28

108.  The defendant's "Agreement" as given to the plaintiffs and others similarly situated are consumer notices and/or contracts subject to TCCWNA.

109.  The defendant is a "seller" within the meaning of N.J.S.A. 12-15.

110.  TCCWNA, at N.J.S.A. 56:12-15, prohibits any seller from offering, entering into, giving or displaying a written consumer notice that includes a provision that violates a clearly established right of the consumer or responsibility of the seller as established by New Jersey or Federal law.

111.  The right of a consumer to be provided with a full and accurate copy of a document that evidences the existence of a sales contract is a clearly established right under N.J.S.A. 56:8-2.22.

112.  The responsibility of the seller to provide the consumer with a full and accurate copy of the sales contract at the same time the consumer signs the sales contract is a established responsibility under N.J.S.A. 56:8-2.22.

113.  The defendant violates the TCCWNA by not providing a copy of the Agreement to the plaintiff at the time of execution, as is required under N.J.S.A. 56:8-2.22.

WHEREFORE, the plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against the defendant as follows:

a.    Certifying a Class with respect to the plaintiffs' TCCWNA claims, as defined herein, under Rule 4:32-1(b)(3);

29

b.      On behalf of the plaintiffs individually and on behalf of the Class, for maximum statutory damages pursuant to N.J.S.A. 56:12-17 and all other applicable statutes for violations of N.J.S.A. 56:12-15.

c.      On behalf of the Class, for injunctive relief prohibiting the defendant from future violations of the TCCWNA, N.J.S.A. 56:12-14 *et seq.*;

d.      On behalf of the Class, for injunctive relief prohibiting the defendant from continuing its practice of refusing to provide its customers with copies of its executed service Agreements.

e.      On behalf of the Class, for injunctive relief barring the defendant from selling phone services in any manner that violates N.J.S.A. 56:12-14 *et seq.*;

f.      On behalf of the Class, for a declaratory judgment that the defendant violated the TCCWNA;

g.      For reasonable attorneys' fees and costs of suit in connection with this action pursuant to N.J.S.A. 56:12-17; and

h.      For such other and further relief as the plaintiffs and all others similarly situated may be entitled or as the Court deems just and equitable.

## COUNT EIGHT
## BREACH OF CONTRACT - COVENANT OF GOOD FAITH AND FAIR DEALING

114.  Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as

30

if fully set forth herein.

115.   Plaintiff and other Class Members entered Contracts with Defendant and performed their end of the bargain.

116.   Under New Jersey law, a duty of good faith and fair dealing is an implied obligation applicable to every contract without regard to context.  Good faith in contracting is the obligation to observe the spirit of the bargain, rather than merely the letter. Evasion of the spirit of the bargain under the pretext of acting under the letter of the agreement and the abuse of the drafter's power to specify terms have been judicially recognized as examples of bad faith in the performance of contracts.

117.   When an agreement permits one party to unilaterally determine the extent of its required performance, an obligation of making that determination in good faith is fairly implied under the law.

118.   Here, under the terms and conditions and practices of Verizon's sales, Verizon retains the unilateral power to offer discounts to some customers but not others, to fail to offer gifts or bundles as promised.

119.   Verizon has intentionally breached its  implied covenant of good faith and fair dealing by intentionally manipulating its fees and incentives.

WHEREFORE, Plaintiff, for himself and others similarly situated, respectfully requests the following relief:

a.      That this action be certified as a Class Action pursuant to N.J.S.A. §43-2,

31

and that Plaintiff be designated as Class representative;

b.      Judgment in favor of Plaintiff and the Class, and against Defendants with an award of compensatory damages to those injured by the breach of covenant;

c.      An injunction preventing and directing Defendant from breaching the convent in the future.

d.      Such additional and further relief as this Court may deem just and appropriate.

## COUNT NINE
## NEGLIGENT MISREPRESENTATION

120.   Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

121.   At all times relevant hereto, Defendants negligently misrepresented the details of its Bundles Services and FiOS Service.

122.   Plaintiff and others similarly situated reasonably and justifiably relied upon the representations made by Defendants regarding the details of Defendants Bundled Service and FiOS Service.

123.   Plaintiff and others similarly situated have been damaged and have sustained ascertainable losses as a result of Defendant's negligent misrepresentations or omissions of material fact.

WHEREFORE, Plaintiff, for himself and others similarly situated, respectfully

32

requests the following relief:

a.      That this action be certified as a Class Action pursuant to N.J.S.A. §43-2, and that Plaintiff be designated as Class representative;

b.      Judgment in favor of Plaintiff and the Class, and against Defendants, jointly and severally, with an award of compensatory damages;

c.      Judgment in favor of Plaintiff and the Class, and against Defendant with an award of punitive damages;

d.      Such additional and further relief as this Court may deem just and appropriate.

<u>COUNT TEN</u>
<u>FRAUD</u>

124.    Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

125.    At all times relevant hereto, Defendants intentionally or recklessly misrepresented the details of its Bundles Services and FiOS Services to prospective customers.

126.    Plaintiff and others similarly situated reasonably and justifiably relied upon the representations made by Defendants regarding their services.

127.    Plaintiff and others similarly situated have been damaged and have sustained ascertainable losses as a result of Defendant's intentional and reckless misrepresentations or omissions of material fact.

        WHEREFORE, Plaintiff, for himself and others similarly situated, respectfully requests the following relief:

33

a.      That this action be certified as a Class Action pursuant to N.J.S.A. §43-2, and that Plaintiff be designated as Class representative;

b.      Judgment in favor of Plaintiff and the Class, and against Defendants, jointly and severally, with an award of compensatory damages;

c.      Judgment in favor of Plaintiff and the Class, and against Defendant with an award of punitive damages;

d.      An injunction preventing and directing Defendant from employing similarly fraudulent marketing practices in the future;

e.      An order of disgorgement of any profits or gains obtained as a result of the fraud;

f.      An order of restitution to Plaintiff and other Class Members to rectify the injuries and harm Plaintiff and Class Members suffered as a proximate consequence of the Fraud;

g.      Such additional and further relief as this Court may deem just and appropriate.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

### PRAYER FOR RELIEF

34

WHEREFORE, Plaintiff, for himself and others similarly situated, respectfully requests the following relief:

a.      That this action be certified as a Class Action pursuant to N.J.S.A. §43-2, and that Plaintiff be designated as Class representative;

b.      Judgment in favor of Plaintiff and the Class, and against Defendants, jointly and severally, with an award of compensatory damages and/or statutory damages, including attorney fees;

c.      Judgment in favor of Plaintiff and the Class, and against Defendant with an award of punitive damages;

d.      An injunction preventing and directing Defendant from employing similarly fraudulent marketing practices in the future; and

e.      Such additional and further relief as this Court may deem just and appropriate.

35

**RULE 4:5-1 CERTIFICATION**

I certify, to the best of my information and belief, that the matter in controversy in this action involving the aforementioned violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1et seq. ("CFA"), and the Regulations Governing General Advertising, N.J.A.C. 13:45A-9.1 et seq. ("Advertising Regulations"), is not the subject of any other action pending in any other court of this State. I am aware that private contract and other actions have been brought against the Defendants, but have no direct information that any such actions involve violations of the CF A and Advertising Regulations. I further certify that the matter in controversy in this action is not the subject of a pending arbitration proceeding in this State, nor is any other action or arbitration proceeding contemplated. I also certify that there is no other party who should be joined in this action at this time.

Carl J. Mayer, Esq.

Attorney for Plaintiffs

By: _____

    Carl J. Mayer, Esq.

Dated: April 28, 2013
Princeton, New Jersey

36

DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4,   Carl J. Mayer, Esq. is hereby designated as trial counsel on behalf of  Plaintiffs in this action.

By: _____
    Carl J. Mayer, Esq.


Dated:    April 28, 2013
Princeton, New Jersey


**Carl J. Mayer, Esq.**
**Mayer Law Group, LLC**
66 Witherspoon Street, Suite 414
Princeton, NJ 08542
(609)-462-7979
Attorneys for Plaintiff

37

# EXHIBIT C

GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Philip R. Sellinger
David Jay
(973) 360-7900
(973) 301-8410 (fax)
Attorneys for Defendants
Verizon New Jersey Inc. and
Verizon Enterprise Solutions LLC (formerly known and improperly pleaded as NYNEX
Long Distance Company d/b/a Verizon Enterprise Solutions)

UNITED STATES DISTRICT COURT<br>
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PROFESSOR ARNO MAYER, Verizon customer, and all other similarly situated<br><br>            Plaintiffs,<br><br>     v.<br><br>VERIZON NEW JERSEY INC., formerly known as Bell Atlantic-New Jersey, Inc., NYNEX LONG DISTANCE COMPANY d/b/a Verizon Enterprise Solutions, and JANE and JOHN DOES 1-10, individually and as owners, officers, directors, Shareholders, founders, managers, agents, servants, employees, representatives and/or independent contractors of VERIZON NEW JERSEY, INC., and XYZ CORPORATIONS 1-10,<br><br>            Defendants. | Civil Action No.<br><br>**CERTIFICATION OF ERIC D. WONG IN SUPPORT OF NOTICE OF REMOVAL OF DEFENDANTS VERIZON NEW JERSEY INC. AND VERIZON ENTERPRISE SOLUTIONS LLC (formerly known and improperly pleaded as NYNEX Long Distance Company d/b/a Verizon Enterprise Solutions)** |

I, ERIC D. WONG, being of full age, certify as follows:

1.  I am an Associate with the law firm of Greenberg Traurig LLP, counsel for

Defendants Verizon New Jersey Inc. ("Verizon NJ") and Verizon Enterprise Solutions

LLC (formerly known and improperly pleaded as NYNEX Long Distance Company d/b/a

Verizon Enterprise Solutions) ("VES") (collectively, "Verizon").  I am familiar with the facts set forth in this certification and can testify to these facts under oath from my own personal knowledge.  I submit this certification in support of the Notice of Removal filed in the above-captioned action.

2.   On June 26, 2013, I searched the online docket for the state court in which the above-referenced action was filed.  The court's online docket indicated that no amended complaint identifying defendants Jane and John Does 1-10 or defendants XYZ Corporations 1-10 has been filed in the state court.  The court's online docket indicated that no proofs of service have been filed in the state court showing that any defendants other than Verizon NJ and VES have been served in this action.

I certify under penalty of perjury that the foregoing is true and correct.

ERIC D. WONG

Dated:  June 27, 2013

# EXHIBIT D

GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Philip R. Sellinger
David Jay
(973) 360-7900
(973) 301-8410 (fax)
Attorneys for Defendants
Verizon New Jersey Inc. and
Verizon Enterprise Solutions LLC (formerly known and improperly pleaded as NYNEX
Long Distance Company d/b/a Verizon Enterprise Solutions)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PROFESSOR ARNO MAYER, Verizon customer, and all other similarly situated<br><br>Plaintiff,<br><br>v.<br><br>VERIZON NEW JERSEY INC., formerly known as Bell Atlantic-New Jersey, Inc., NYNEX LONG DISTANCE COMPANY d/b/a Verizon Enterprise Solutions, and JANE and JOHN DOES 1-10, individually and as owners, officers, directors, Shareholders, founders, managers, agents, servants, employees, representatives and/or independent contractors of VERIZON NEW JERSEY, INC., and XYZ CORPORATIONS 1-10,<br><br>Defendants. | Civil Action No.<br><br>**CERTIFICATION OF JOEL JIMENEZ IN SUPPORT OF NOTICE OF REMOVAL OF DEFENDANTS VERIZON NEW JERSEY INC. AND VERIZON ENTERPRISE SOLUTIONS LLC (formerly known and improperly pleaded as NYNEX Long Distance Company d/b/a Verizon Enterprise Solutions)** |

JOEL JIMENEZ, being of full age, certifies as follows:

1.      I am employed by Verizon Services Corp., an affiliate of defendants

Verizon New Jersey Inc. ("Verizon NJ") and Verizon Enterprise Solutions LLC (formerly

known and improperly pleaded as NYNEX Long Distance Company d/b/a Verizon

Enterprise Solutions) ("VES") (collectively, "Verizon"), as Group Manager, Marketing

Performance Management for Consumer & Mass Markets, located in Basking Ridge,

New Jersey.  Based on my review of Verizon's records, I am familiar with the facts set

forth in this declaration and can testify to these facts under oath from my own personal

knowledge.  I submit this declaration in support of Verizon's Notice of Removal.

2.      From May 2011 through May, 2013, 299,136 Verizon NJ customers

purchased FiOS services through "bundled" promotions (either "Double Play" or "Triple

Play").

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  June 26, 2013

# EXHIBIT E

GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Philip R. Sellinger
David Jay
(973) 360-7900
(973) 301-8410 (fax)
Attorneys for Defendants
Verizon New Jersey Inc. and
Verizon Enterprise Solutions LLC
(improperly pleaded and formerly known as
NYNEX Long Distance Company d/b/a
Verizon Enterprise Solutions)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PROFESSOR ARNO MAYER, Verizon customer, and all other similarly situated<br><br>Plaintiff,<br><br>v.<br><br>VERIZON NEW JERSEY INC., formerly known as Bell Atlantic-New Jersey, Inc., NYNEX LONG DISTANCE COMPANY d/b/a Verizon Enterprise Solutions, and JANE and JOHN DOES 1-10, individually and as owners, officers, directors, Shareholders, founders, managers, agents, servants, employees, representatives and/or independent contractors of VERIZON NEW JERSEY, INC., and XYZ CORPORATIONS 1-10,<br><br>Defendants. | Civil Action No.<br><br>**CERTIFICATION OF VERONICA C. GLENNON IN SUPPORT OF NOTICE OF REMOVAL OF DEFENDANTS VERIZON NEW JERSEY INC. AND VERIZON ENTERPRISE SOLUTIONS LLC (formerly known and improperly pleaded as NYNEX Long Distance Company d/b/a Verizon Enterprise Solutions)** |

Veronica C. Glennon, being of full age, certifies as follows:

1.     I am currently employed by Verizon Corporate Resources Group LLC.

My title is Manager – Corporate Governance.  I have held this position since February

2004.  I am also the Assistant Secretary for Verizon New Jersey Inc. ("Verizon NJ").  In my current position, I am familiar with the corporate structure of Verizon New Jersey Inc. and its affiliates, including Verizon Enterprise Solutions LLC (formerly known and improperly pleaded as NYNEX Long Distance Company d/b/a Verizon Enterprise Solutions) ("VES").  I make this declaration based on my personal knowledge and/or information contained in relevant business records.  If called as a witness, I would and could testify competently to the statements in this declaration.

      2.     Verizon NJ is a New Jersey corporation.  Its principal place of business is in Newark, New Jersey, where its corporate offices are located and where its core executive and administrative functions are primarily carried out.

      3.     VES is a Delaware limited liability company.  Its principal place of business is in Basking Ridge, New Jersey, where its corporate offices are located and where its core executive and administrative functions are primarily carried out.  VES was formerly known as NYNEX Long Distance Company.

      I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 26, 2013

2

EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PROFESSOR ARNO MAYER, Verizon customer, and all other similarly situated<br><br>Plaintiff,<br><br>v.<br><br>VERIZON NEW JERSEY INC., formerly known as Bell Atlantic-New Jersey, Inc., NYNEX LONG DISTANCE COMPANY d/b/a Verizon Enterprise Solutions, and JANE and JOHN DOES 1-10, individually and as owners, officers, directors, Shareholders, founders, managers, agents, servants, employees, representatives and/or independent contractors of VERIZON NEW JERSEY, INC., and XYZ CORPORATIONS 1-10,<br><br>Defendants. | Civil Action No.<br><br>**CERTIFICATION OF MICHAEL F. HAHN** |

MICHAEL F. HAHN, being of full age, certifies as follows:

1.      I am familiar with the facts set forth in this declaration and can testify to these facts under oath from my own personal knowledge.

2.      On or about June 20, 2007, I contracted with Verizon for a bundled "Triple Play" FiOS services package, which included internet, television and telephone services, for my then-current residence in Warren, New Jersey.  I was a customer of Verizon until I terminated those services on or about November 29, 2010.

3.      In or about December 2010, I moved from New Jersey to Cumberland, Maine.

4.      I am currently a citizen of Maine.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  June 26, 2013

# EXHIBIT G

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PROFESSOR ARNO MAYER, Verizon
customer, and all other similarly situated

           Plaintiff,

           v.

VERIZON NEW JERSEY INC., formerly
known as Bell Atlantic-New Jersey, Inc.,
NYNEX LONG DISTANCE COMPANY
d/b/a Verizon Enterprise Solutions, and
JANE and JOHN DOES 1-10, individually
and as owners, officers, directors,
Shareholders, founders, managers, agents,
servants, employees, representatives and/or
independent contractors of VERIZON NEW
JERSEY, INC., and XYZ CORPORATIONS
1-10,

           Defendants.

Civil Action No.

**CERTIFICATION OF**
**DR. PETER RYMER**

DR. PETER RYMER, being of full age, certifies as follows:

1.      I am familiar with the facts set forth in this declaration and can testify to these facts under oath from my own personal knowledge.

2.      On or about May 22, 2009, I contracted with Verizon for a bundled FiOS services package, which included internet, telephone and television FiOS services, for my dental office in Hillsdale, New Jersey. I am a current Verizon customer.

3.      While my dental office is located in New Jersey, and the billing address for my Verizon services is my office address in New Jersey, I have never been a resident or citizen of New Jersey.

4.      I am currently a citizen of New York.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 27, 2013

Dr. Peter Rymer