UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PROFESSOR ARNO MAYER, etc., et al., : | | Civil Action No. 13-3980(FSH) |
| Plaintiff, : | | |
| v. : | | **ORDER** |
| VERIZON NEW JERSEY INC., et al., : | | February 19, 2014 |
| Defendants. : | | |

This matter comes before the Court upon Plaintiff's Motion to Remand this matter to the Superior Court of New Jersey, Law Division, Hudson County;[1] and the Court having received an Opposition to the Motion by Defendants Verizon New Jersey Inc. and Verizon Enterprise Solutions LLC[2]; and the Court having considered the Motion on the papers and without oral argument pursuant to Fed. R. Civ. P. 78; and it appearing that

Plaintiff argues that removal was improper and the instant action should be remanded to state court because the "local controversy" and discretionary exceptions apply to this matter;[3] and

---

[1] Plaintiff filed the instant action in state court on April 29, 2013 in the Superior Court of New Jersey, Law Division, Hudson County. According to Plaintiff, this action involves the use of "bait and switch" tactics to induce consumers into purchasing telephone, television and Internet services from Defendants. Specifically, Plaintiff argues that Defendants offered bundled services to Class Plaintiffs at a fixed rate of $99 per month and an LCD television set upon signing up but that once signed up, Class Plaintiffs discovered they were being billed at various rates and no LCD television was forthcoming. This action was removed here by Defendants on June 27, 2013, on the basis of the Class Action Fairness Act of 2005.

[2] Verizon Enterprise Solutions was formerly known and pled as Nynex Long Distance Company.

[3] Pursuant to the "local controversy" exception, a court must decline to exercise federal jurisdiction and remand the matter where:

   (I) greater than two-thirds of the members of all proposed plaintiff
       classes in the aggregate are citizens of the State in which the action was
       originally filed;
   (II) at least 1 defendant is a defendant –

it further appearing that

    Defendants assert that Plaintiff's motion should be denied because Plaintiff has not met his burden to demonstrate that either exception applies;[4] and

    the Court finding that neither the "local controversy" or discretionary exceptions apply and that therefore, this action was properly removed;[5]

---

    (aa) from whom significant relief is sought by members of the plaintiff class;
    (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
    (cc) who is a citizen of the States in which the action was originally filed; and
(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(2)(A)(i) & (ii).  A district court also has the discretion under CAFA to decline to exercise federal jurisdiction where "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(3).

[4] Defendants argue that for the local controversy exception to apply that a Plaintiff seeking remand must demonstrate that, at the time the complaint was filed, more than two-thirds of the putative class were citizens of the state where the action was commenced.  Similarly, Defendants maintain that for the discretionary exception to apply Plaintiff must show that between one-third and two-thirds of the putative class must be citizens of New Jersey at the time the Complaint was filed.  Defendants contend that the only evidence relied upon by Plaintiff to show citizenship of the Class Plaintiffs, *i.e.*, a certification of a former Verizon employee, who hasn't worked for Verizon since 1982, and who even then only audited telephone bills, is insufficient to meet Plaintiff's burden to demonstrate citizenship of the putative class members.

[5] The Court finds that the class in the instant case is not limited solely to residents of New Jersey.  In fact, the Complaint in this action affirmatively states in several sections that the Complaint is being brought on behalf on "consumers in this State and elsewhere."  Therefore, for Plaintiff to show that a CAFA exception applies, Plaintiff must demonstrate that either one-third or two-thirds of the putative class members, depending on the exception to be applied, are

and for good cause having been shown,

**IT IS** on this 19th day of February, 2014,

**ORDERED** that Plaintiff's Motion to Remand this matter to state court is **DENIED**.

s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

citizens of the State of New Jersey. Plaintiff has simply failed to do so. The only evidence provided by Plaintiff to support his argument that either one-third or two-thirds are citizens of New Jersey is a certification by a former employee of Verizon who merely speculates that based on his prior experience auditing bills for Verizon that anyone who purchased Verizon services were citizens of New Jersey and remained citizens at the time of the filing of the Complaint. This speculative certification, without more, is insufficient to show that either one-third or two-thirds of the putative class members are citizens of the State of New Jersey. Finally, the Court notes that it seems disingenuous for Plaintiff to argue on the one hand that this is a "local controversy" and yet plead in his Complaint that Verizon is "one of the world's leading providers of communications services, serving residential and business customers in New Jersey, thirty-one other states, and the District of Columbia."

3